815 F.2d 75
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
BANKERS LIFE AND CASUALTY COMPANY, an Illinois Insurance
Corporation, Plaintiff-Appellant, Cross-Appellee,
v.
Derek McDERMOTT and Harold J. Robinson, Personal
Representative of the Estate of Krystyna M. Brzek,
a/k/a Christina Berzek, Deceased,
Defendants-Appellees, Cross-Appellants.
 Nos. 86-1246, 86-1281.
 United States Court of Appeals, Sixth Circuit.
 Feb. 20, 1987.
 
 Before ENGEL and NORRIS, Circuit Judges, and PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff, Bankers Life and Casualty Company, brought suit against Harold J. Robinson, as the personal representative of the estate of Krystyna Brzek, deceased, and Derek McDermott, the beneficiary on Brzek's $400,000 policy of life insurance. Bankers Life had issued the policy to Brzek only several months before her death and, by its suit, sought to void the policy on the basis that Brzek had made material misrepresentations in her application for insurance. An answer was filed on behalf of both defendants.
 
 
 2
 Robinson filed an amended motion for summary judgment, and that motion was granted by the trial court on November 6, 1985. Counsel then filed a "Motion to Amend Judgment," in which he sought judgment for payment of the face amount of the policy and for interest resulting from untimely payment of the policy. Specifically, the trial court was requested to amend its judgment granting summary judgment, by adding the language "Defendant shall have judgment against the Plaintiff in the sum of $510,051.50." In the course of its response to the motion, plaintiff pointed out that no counterclaim had been filed for judgment on the policy. The trial court nevertheless granted the motion in part, granting judgment against plaintiff in the amount of $400,000, while denying the request for penalty interest.
 
 
 3
 Although there was no express determination by the trial court that there was no just reason for delay, Bankers Life filed its notice of appeal, and both defendants joined in a cross-appeal, on the issue of penalty interest.
 
 
 4
 Because the trial court entered final judgment as to fewer than all of the parties, and no express determination was made that there was no just reason for delay, the trial court's order was not a final appealable order which terminated the action as to any of the parties. Fed.R.Civ.P. 54(b). Accordingly, we are without jurisdiction to entertain the appeal, and are compelled to dismiss it.
 
 
 5
 In the interests of judicial economy, we note that the trial court accepted counsel's invitation to award judgment against plaintiff on the basis that Fed.R.Civ.P. 13(f) and 15(b) "allow the amendment of the pleadings to conform to the evidence and to allow the presentation of an omitted counterclaim." Although the general state of both parties' pleadings and counsel's failure to file a counterclaim or to seek amendment of his pleadings would warrant a measure of exasperation, nevertheless, when a motion for summary judgment is granted, issues have not been "tried" nor has "evidence" been adduced as contemplated by Fed.R.Civ.P. 15(b). Because only the plaintiff's claim was tested by the motion for summary judgment, fundamental principles of notice inherent in the civil rules would be thwarted were rules 13(f) and 15(b) utilized in this fashion. Accordingly, upon remand, counsel should be required to pursue proper avenues for amending his pleadings.
 
 
 6
 In addition, we observe that the sufficiency of plaintiff's summary judgment documentation was being tested in the context of defendant Robinson's motion for summary judgment, and that plaintiff was therefore entitled to any favorable inferences to be drawn from that documentation. If, as the trial court indicated, the only test of materiality was a purely subjective one--whether this company would not have issued the policy had the insured provided it with truthful information--then, reasonable inferences can be drawn from the affidavit of Earl Kindred, that plaintiff had a rule against issuing that amount of life insurance to persons with the insured's limited income, that the company never deviated from implementing that rule, and that it would therefore have refused to issue the policy to the insured. Accordingly, plaintiff did present the court with a genuine issue of material fact on the question of materiality, as that question was framed by the trial court.
 
 
 7
 The appeals are dismissed, and this cause is remanded to the district court for further proceedings according to law and consistent with this opinion.